FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

JUN 2 2 2017

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:17CR 44 |
| | § | |
| | § | JUDGES RC/KNM |
| MICHAEL ELLIOT McCLELLAND, | § | |
| a.k.a. "Elvis" (01) | § | |
| JAMIE RAE THOMAS (02) | § | |
| LEIA BRIANNE CLARK (03) | § | |
| | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

Violation:  21 U.S.C. § 846
(Conspiracy to possess with intent to distribute
and distribution of 500 grams or more of a
mixture or substance containing a detectable
amount of methamphetamine, a Schedule II
controlled substance)

Beginning in or about January 2017, the exact date being unknown to the United

States Grand Jury, and continuing thereafter until at least the date of the return of this

indictment, in the Eastern District of Texas and elsewhere, **Michael Elliot McClelland,**

**a.k.a. "Elvis," Jamie Rae Thomas,** and **Leia Brianne Clark** did intentionally and

unlawfully, combine, conspire, confederate, and agree with each other and with others,

both known and unknown to the United States Grand Jury, to violate a law of the United

States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to

Indictment - Page 1

distribute and distribution of 50 grams or more of actual methamphetamine or 500 grams

or more of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, as set forth hereinafter.

In violation of 21 U.S.C. § 846.

## COUNTS 2-5

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute
methamphetamine)

On or about the dates listed below, in the Eastern District of Texas, the Defendants

listed below, knowingly and intentionally possessed with intent to distribute and

distributed actual methamphetamine, a Schedule II controlled substance, in an amount

listed below:

| Count | Date | Defendant(s) | Quantity of Methamphetamine |
|-------|------|--------------|------------------------------|
| 2 | February 28, 2017 | **Michael Elliot McClelland, a.k.a. "Elvis," Jamie Rae Thomas** | More than 5 grams |
| 3 | March 13, 2017 | **Michael Elliot McClelland, a.k.a. "Elvis," Jamie Rae Thomas** | More than 5 grams |
| 4 | March 17, 2017 | **Michael Elliot McClelland, a.k.a. "Elvis," Jamie Rae Thomas** | More than 5 grams |
| 5 | March 23, 2017 | **Michael Elliot McClelland, a.k.a. "Elvis," Jamie Rae Thomas, and Leia Brianne Clark** | More than 5 grams |

In violation of 21 U.S.C. § 841(a)(1).

**Indictment - Page 2**

## COUNT 6

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of a firearm)

On or about March 17, 2017, in the Eastern District of Texas, defendant **Michael Elliot McClelland, a.k.a. "Elvis,"** having been convicted of an offense punishable by a term of imprisonment exceeding one year, specifically:

Possession of a Controlled Substance, a felony, in the 71st District Court of Harrison County, Texas, Cause No. 13-0009X, on May 2, 2013;

did knowingly and intentionally possess in and affecting interstate and foreign commerce, firearms, to wit: a Savage Arms model: 67, 20-gauge shotgun (a short-barreled shotgun), said firearm having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## COUNT 7

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about March 17, 2017, in the Eastern District of Texas, defendants **Michael Elliot McClelland, a.k.a. "Elvis"** and **Jamie Rae Thomas**, did knowingly and intentionally use, carry, and possess a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute methamphetamine, a Schedule II controlled substance, as charged in Count 4 of this indictment, in violation of 21 U.S.C. § 841(a)(1), and in furtherance of said crime possessed: a Savage Arms model: 67, 20-gauge shotgun (a short-barreled shotgun).

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT 8

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2),
(Felon in possession of firearms)

On or about March 23, 2017, in the Eastern District of Texas, defendant **Michael**

**Elliot McClelland, a.k.a. "Elvis,"** having been convicted of an offense punishable by a

term of imprisonment exceeding one year, specifically:

Possession of a Controlled Substance, a felony, in the 71st District Court of
Harrison County, Texas, Cause No. 13-0009X, on May 2, 2013;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearms, to wit:

1. Omega model: CAL 32, .32-caliber revolver
2. Sig Sauer model: P238, .380-caliber pistol
3. Taurus model: Judge, .45 Long Colt-caliber revolver
4. Tangfoglio model: GT 380, .380-caliber pistol
5. Springfield Arms model: XD9, 9mm-caliber pistol

said firearms having been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

## COUNT 9

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of firearms
during and in furtherance of a drug trafficking
crime)

On or about March 23, 2017, in the Eastern District of Texas, defendants **Michael**

**Elliot McClelland, a.k.a. "Elvis"** and **Jamie Rae Thomas** did knowingly and

intentionally use, carry, and possess a firearm during and in relation to a drug trafficking

crime for which they may be prosecuted in a court of the United States, that is possession

with intent to distribute methamphetamine, a Schedule II controlled substance, as charged

in Count 4 of this indictment, in violation of 21 U.S.C. § 841(a)(1), and in furtherance of

said crime possessed:

1. Omega model: CAL 32, .32-caliber revolver
2. Sig Sauer model: P238, .380-caliber pistol
3. Taurus model: Judge, .45 Long Colt-caliber revolver
4. Tangfoglio model: GT 380, .380-caliber pistol
5. Springfield Arms model: XD9, 9mm-caliber pistol

In violation of 18 U.S.C. § 924(c)(1)(B).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, & 28 U.S.C. §2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1.  any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2.  any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3.  any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

(1)  Unknown Derringer-type single-shot pistol, no serial number, possibly .30-caliber, seized from Michael Elliot McClelland, a.k.a. "Elvis"
(2)  Sig Sauer model: P238, .380-caliber pistol, serial number 27A03638
(3)  Taurus model: Judge, .45 Long Colt-caliber revolver, serial number B0591218
(4)  Tangfoglio model: GT 380, .380-caliber pistol, serial number 4725
(5)  Springfield Arms model: XD9, 9mm-caliber pistol, serial number MG940738
(6)  121 rounds of assorted caliber ammunition
(7)  7 rounds of CBC – Brazilian Cartridge Company .32 caliber ammunition
(8)  6 rounds of Winchester-Western .38 caliber ammunition
(9)  22 rounds of Winchester-Western 9mm ammunition

## CASH PROCEEDS

$10,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

## U.S. CURRENCY:

(1)  $5,775 in U.S. currency seized from Michael Elliot McClelland, a.k.a. "Elvis"

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with a third person;
(c)    has been placed beyond the jurisdiction of the court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
D. RYAN LOCKER
Assistant United States Attorney

6-22-17
_____
Date

Indictment - Page 8

## NOTICE OF PENALTY

### COUNTS 1-5

Violation:

21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance);

21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance); or

Penalty:

(A) If more than 50 grams of actual methamphetamine or more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine:

Imprisonment for a term of not less than 10 years or more than life; a fine not to exceed $10,000,000, or both; and a term of supervised release of at least 5 years.

If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 20 years and not more than life; a fine not to exceed $20,000,000, or both; and a term of supervised release of at least 10 years.

If a defendant has two previous final convictions for felony drug offenses, said defendant shall be sentenced to a mandatory term of life imprisonment without release, fined up to $20,000,000, or both.

(B) If 5 grams or more but less than 50 grams of actual methamphetamine, or 50 grams or more but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine:

Imprisonment for a term of not less than 5 years or more than 40 years; a fine not to exceed $5,000,000, or both; and a term of supervised release of at least 4 years.

If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 10 years and not more than life; a fine not to exceed $8,000,000, or both; and a term of supervised release of at least 8 years.

(C) If less than 5 grams of actual methamphetamine, less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, or less than 100 grams of heroin:

Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years.

If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not more than 30 years; a fine not to exceed $2,000,000, or both; and a term of supervised release of at least 6 years.

| | |
|---|---|
| Special Assessment: | $100.00 |

## COUNTS 6 and 8

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in possession of a firearm) |
| Penalty: | Imprisonment for a term of not more than 10 years; a fine not to exceed $250,000, or both; a term of supervised release of not more than 3 years. |

If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a

probationary sentence to, such person with respect to the conviction under section 922(g).

Special Assessment:       $100.00

## COUNTS 7 and 9

Violation:                18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

Penalty:                  Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; a term of supervised release of not more than 5 years.

If the firearm possessed by a person convicted of a violation of this offense is a short-barreled rifle or short-barreled shotgun the term of imprisonment shall not be less than 10 years.

In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years; which must be served consecutively to any other term of imprisonment; a term of supervised release of not more than 5 years.

Special Assessment:       $100.00